UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

NOV 1 8 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-634-GWU

PATRICIA JOHNSON,                                                    PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT,

## INTRODUCTION

Patricia Johnson originally brought Johnson v. Barnhart, London Civ. A. No. 02-653-GWU (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of February 27, 2004 (Tr. 351-359), it is again before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

1

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.  If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d

2

654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.

3

Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an

4

occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Johnson, a 39-year-old former bus driver, baby-sitter and fast food worker with a high school education, suffered from impairments related to mild degenerative disc disease, arthritis, a history of chronic lower back pain, mitral valve prolapse, and borderline hypertension.  (Tr. 319, 322).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level.  (Tr. 326).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 327).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 325-326).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the

5

Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional restriction to light level work along with such non-exertional limitations as (1) the need for a sit/stand option; (2) an inability to more than occasionally climb, stoop or crouch; (3) an inability to ever crawl or kneel; (4) a need to avoid exposure to heights, moving machinery, vibration, or temperature extremes; and (5) an inability to ever push or pull. (Tr. 525). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 525-526). The ALJ later added a restriction to work requiring only simple tasks and instructions in routine work environments. (Tr. 526). Bradford indicated that this would reduce the number of jobs but a significant number would still remain. (Tr. 527). Therefore, assuming that the vocational factors considered by the expert fairly depicted Johnson's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Johnson was found capable of performing a restricted range of light level work in an administrative decision which became final on November 20, 1998. (Tr. 64-71). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with

6

respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . " The ALJ's findings of a restricted range of light level work were in accord with these directives.

With regard to the evidence submitted in the processing of the disability claim which is before the undersigned, the Court finds no error with the ALJ's handling of the record pertaining to Johnson's physical condition. As noted in the Court's previous Memorandum Opinion in this case (Tr. 358), the physical restrictions found by the ALJ were essentially consistent with the opinion of Dr. Stephen Nutter (Tr. 216), an examining consultant. The ALJ could properly reject the limitations reported by Dr. Jackie Maxey (Tr. 220-222), a treating source, because the plaintiff herself had completed this form (Tr. 358). Tom Bowden, a physical therapist, opined in February of 2001 that the claimant would not be able to tolerate work activities and Johnson relies heavily upon this opinion in her argument on the current appeal. (Tr. 199). However, under the administrative regulations, a physical therapist is not considered an "acceptable medical source" whose opinion is binding on the administration. 20 C.F.R. Section 404.1513. Finally, numerous medical records relating to the plaintiff's physical condition were submitted following the remand of the action, but none of these identify specific physical restrictions which contradict the ALJ's findings. (Tr. 375-496). Therefore, substantial evidence supports this portion of the ALJ's decision.

This action was previously remanded by the Court because the ALJ had not dealt properly deal with Johnson's mental condition. (Tr. 355-358). The ALJ had found that the plaintiff did not suffer from a "severe" mental impairment despite the findings of Dr. Kevin Eggerman, the only mental health professional to examine Johnson, who had diagnosed a depressive disorder and indicated

7

that her ability to function would be "fair" in several areas. (Tr. 358). Psychologists Jay Athy and Lea Perritt, the non-examining medical reviewers, each opined that the claimant did not suffer from a "severe" impairment but did not articulate reasons why their opinions differed from the examining source as required by Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). (Tr. 359). Thus, a remand of the action had been required.

Psychologist Neil Lewis testified at the administrative hearing as a medical advisor. Lewis reviewed Dr. Eggerman's report and opined that he thought the doctor's findings were unwarranted. (Tr. 518). The physician described the plaintiff as punctual, cooperative, superficially pleasant, smiling, and laughing. (Tr. 519). Besides mild anxiety, there was no sign of affective distress. (Tr. 519). Based upon the doctor's written report, Lewis felt that the claimant did not have a "severe" mental impairment and, thus, he agreed with the state agency reviewers. (Tr. 520). Under Barker, this opinion provides sufficient support to offset that of the examining source. Therefore, the ALJ could properly find that Johnson did not suffer from a "severe" mental impairment.

The Court notes that Lewis later indicated in his testimony that, based upon Johnson's current hearing testimony, he thought that the claimant now suffered from a "severe" mental impairment. (Tr. 521). The advisor indicated that no Listing sections would be met or equaled and did not identify any specific mental restrictions. (Tr. 521-523). However, Lewis' opinion would appear not to be relevant to the pertinent time period in this action. Determination of the time period relevant to this appeal is somewhat complicated by the plaintiff's having filed additional applications for DIB and SSI in August of 2002 while the December, 2000 claims, which are currently before the Court, were still pending. These applications were never consolidated with the December, 2000 claims

8

and resulted in a March 9, 2004 denial decision by the administration. (Tr. 336-344). The ALJ on the claims before this Court did not reopen these applications and considered the time period pertinent to the December, 2000 applications to have ended by at least March 8, 2004. (Tr. 319). Therefore, Lewis' separate opinion as to Johnson's mental status at the time of the November, 2004 hearing would not appear to "relate back" to the relevant time period.

Johnson argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Johnson was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Johnson's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment and deny that of the plaintiff. A separate judgment and order will be entered

9

simultaneously consistent with this opinion.

This the _18_ day of November, 2005.

*G. Wix Unthank*

G. WIX UNTHANK
SENIOR JUDGE

10